STATE, Respondent v. WALTON, Appellant

(213 N.W.2d 467)

(File No. 10952. Opinion filed December 19, 1973)

Herman B. Walker, Sturgis, for appellant.

Kermit A. Sande, Attorney General, Thomas R. Vickerman, Assistant Attorney General, Pierre, William H. Coacher, State's Attorney, Meade County, Sturgis, for respondent.

WOLLMAN, Justice.

Defendant was found guilty of the offense of robbery in the first degree by a circuit court jury on November 4, 1970 and was sentenced to ten years' imprisonment in the state penitentiary, the sentence to run concurrently with the eight-year sentence defendant was then serving in the state penitentiary.

Although defendant has raised other alleged errors, we need consider only his claim that his conviction must be reversed because he was not afforded a speedy trial.

The offense which gave rise to the charge on which defendant was convicted occurred on September 17, 1968, at Sturgis, South Dakota, when defendant and his colleague, Donald Harrison Starnes, robbed an employee of the Piggly Wiggly store in Sturgis. A more complete account of the circumstances of the offense is found in State v. Starnes, 86 S.D. 636, 200 N.W.2d 244. On September 28, 1968, defendant and Starnes committed a robbery in Union County, South Dakota, and were apprehended and incarcerated in Sioux Falls, South Dakota, shortly thereafter. See State ex rel. Starnes v. Erickson, 85 S.D. 489, 186 N.W.2d 502.

The procedural history of the instant case is substantially the same as that in State v. Starnes, supra. Although the record does not contain copies of all of the written demands that defendant allegedly made for a speedy trial following his arrest and incarceration on the Union County robbery charge, the record supports defendant's claim that he made prompt and repeated requests that he be tried on the charges arising out of the robbery in Sturgis, requests that were apparently disregarded by the state until March 30, 1970, when the state moved to have defendant transferred from the state penitentiary to Meade County to answer the first degree robbery charges which had been filed against him there. This motion followed orders entered by the circuit court on February 9, 1970 and March 11, 1970, denying defendant's application for a writ of prohibition, dated January 29, 1970, asking that the state be prohibited from proceeding against defendant for the reason, inter alia, that defendant had been denied his right to a speedy trial.

Counsel was appointed to represent defendant on April 3, 1970, a preliminary hearing was held on July 3, 1970, and defendant's trial was held during the following term of court.

In the case involving defendant's colleague, State v. Starnes, supra, we applied the balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and concluded that the judgment must be vacated and the charges dismissed. Because the facts in the instant case are substantially the same as those in the Starnes case, we conclude that the same result must obtain here. See also, Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56.

Accordingly, we reverse and remand to the circuit court with directions to vacate the judgment appealed from and to dismiss the information.

WINANS and DOYLE, JJ., concur.

DUNN, J., concurs specially.

BIEGELMEIER, C. J., concurs in result.

BIEGELMEIER, Chief Justice (concurring).

I concur in the reversal of the judgment and dismissal of the action, as I did in State v. Starnes, 86 S.D. 636, 652, 200 N.W.2d 244, 253, by reason of the denial of defendant's right to a speedy trial as required by both the state and federal constitutions. This result is caused by the failure of the state's attorney to take proceedings in a criminal action to bring it to trial, despite persistent requests of defendant who was available at all times within the State of South Dakota. The delay was inexcusable.

DUNN, Justice (concurring specially).

I concur in the reversal of the judgment. However, I am of the opinion that the defendant suffered definite prejudice by the delay because he lost the benefit of having his sentences run concurrently during the time he was awaiting trial on the Meade

County offense. Judge Cooper ran defendant's sentence concurrently in the Meade County case with one he was serving from Lincoln County. It is my opinion that the trial court had to grant this concurrent sentence under SDCL 23-48-22 which provided:

> "If the defendant has been convicted of two or more offenses before judgment on either, the judgment may be that the imprisonment on any one may commence at the expiration of the imprisonment upon any other of the offenses."

There is no way the trial court could fit these two judgments under this statute which permits consecutive sentences only where "defendant has been convicted of two or more offenses before judgment on either". Thus the defendant was definitely prejudiced by the delay.